# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

THE UNITED STATES OF AMERICA

vs.

CLAY H. ROJAS, WILLIAM "BILLY" BETTENCOURT,
and VIVIANA V. RODRIGUEZ

## SUPERSEDING INDICTMENT

| | |
|---|---|
| **COUNT ONE:** | 18 U.S.C. § 1349 - Conspiracy to Commit Honest Services Fraud |
| **COUNTS TWO - SIX:** | 18 U.S.C. §§ 1343 and 1346 - Honest Services Fraud, 18 U.S.C. § 2 - Aiding and Abetting |
| **COUNT SEVEN:** | 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(A) - Unlawfully Obtaining Information from a Protected Computer |
| **COUNT EIGHT:** | 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain |
| **COUNT NINE:** | 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain |
| **COUNT TEN:** | 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain |
| **COUNT ELEVEN:** | 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain |

| | |
|---|---|
| **COUNT TWELVE:** | 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain |

*A true bill.*

*[signature]*
*Foreperson*

---

Filed in open court this 20th day of April

A.D. 2011

*[signature] P.e S. Auroe*
**United States Magistrate Judge**

---

**Bail. $** Summons to counsel (if represented)


Initial Appearance Apr. 27, 2011 at 9:30 AM
Clay H. Rojas

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
2011 APR 20  P 3: 49
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLAY H. ROJAS,<br>WILLIAM "BILLY" BETTENCOURT, and<br>VIVIANA V. RODRIGUEZ,<br><br>　　　　Defendants. | No. CR 10-00931 LHK<br><br>VIOLATIONS: 18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Fraud; 18 U.S.C. §§ 1343 and 1346 – Honest Services Fraud; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 371 – Conspiracy; 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(A) – Unlawfully Obtaining Information from a Protected Computer; 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) – Unlawfully Obtaining Information from a Protected Computer for Financial Gain |

## S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

COUNT ONE: (18 U.S.C. § 1349 – Conspiracy to Commit Honest Services Fraud)

　A. INTRODUCTORY ALLEGATIONS

　At all times relevant to this Indictment:

　　1.　Clay H. Rojas was an officer of the Santa Clara Police Department. As a sworn peace officer, Rojas owed a duty to provide honest services to the Santa Clara Police Department and to the taxpayers of the City of Santa Clara.

//

SUPERSEDING INDICTMENT

2. William "Billy" Bettencourt was affiliated with the Hells Angels Motorcycle Club, in its Santa Cruz chapter. Bettencourt's affiliation changed from prospect to member of the Hells Angels in August 2010. Bettencourt lived and worked in the Northern District of California.

3. Viviana V. Rodriguez was a coworker and associate of Bettencourt.

B. THE OBJECTS OF THE CONSPIRACY

4. Beginning on a date unknown to the Grand Jury, but no later than July 9, 2010, and continuing until October 14, 2010, in the Northern District of California, and elsewhere, the defendants,

CLAY H. ROJAS,
WILLIAM "BILLY" BETTENCOURT, and
VIVIANA V. RODRIGUEZ,

did knowingly conspire and agree with each other to execute, and to attempt to execute, a material scheme and artifice to defraud the People of the City of Santa Clara, California, and the Santa Clara Police Department of the intangible right to the honest services of Rojas, and, for the purpose of executing such scheme and artifice and attempting to do so, did knowingly transmit, and cause to be transmitted, by wire and radio communications in interstate commerce, certain writings, signs, signals, pictures, to wit, SMS text messages, in violation of Title 18, United States Code, Sections 1343 and 1346.

### The Scheme to Defraud

5. The scheme consisted of Rojas providing confidential law enforcement information to Bettencourt in exchange for Bettencourt's forbearance on a debt Rojas owed to him. Rojas provided confidential criminal history and motor vehicle information to Bettencourt in exchange for extensions of time to repay Rojas' debt to Bettencourt. For her part, Rodriguez asked Bettencourt to obtain certain confidential criminal history and motor vehicle information for her, knowing when she did so that the information she was requesting was restricted, that Bettencourt was not entitled to obtain it, and therefore that any effort by him to do so on her behalf would necessarily be by unlawful means.

//

SUPERSEDING INDICTMENT
2

C.  THE MANNER AND MEANS OF THE CONSPIRACY

6. The objects of the conspiracy were carried out, in substance, as follows:

    a. Rojas was employed by the Santa Clara Police Department as a sworn peace officer. In that capacity, Rojas had access to certain computer databases that contained information regarding individuals' criminal histories, active arrest warrants, and driver's license information, including motor vehicle registration and addresses. Access to these databases, including the California Law Enforcement Telecommunications System (CLETS) and the Criminal Justice Information Control (CJIC), and the use of the confidential information contained therein, was restricted to official users acting within the scope of their official duties.

    b. On a number of occasions, beginning no later than July 9, 2010, Rojas, acting at the request of Bettencourt, used those databases, and caused other persons to use them, to retrieve confidential criminal history and motor vehicle information as to specific persons and license plate numbers. Rojas then provided that information to Bettencourt. Bettencourt was not authorized to obtain or receive confidential law enforcement or motor vehicle information.

    c. Rodriguez knowingly participated in the scheme by requesting confidential criminal history and motor vehicle information from Bettencourt. Rodriguez requested that information knowing full well that Bettencourt was not legally allowed to obtain it, and only after Rodriguez had tried and failed to obtain the information using lawful means.

    d. Bettencourt induced Rojas to obtain confidential criminal history and motor vehicle information by giving Rojas money in the form of a "loan." Bettencourt then requested and received confidential information from Rojas, in lieu of money, in return for an extension on repaying that financial obligation.

**Interstate Nexus**

7. The computer databases accessed or caused to be accessed by Rojas were through the California Law Enforcement Telecommunications System (CLETS), and the Criminal Justice Information Control (CJIC). CLETS and CJIC are part of a secure interstate network of computers, and are used in and affect interstate commerce and communication. The databases accessed through CLETS included systems maintained in Sacramento by the California

SUPERSEDING INDICTMENT

3

Department of Justice, including (1) California Department of Motor Vehicles (CA DMV), (2) Wanted Person System (WPS), (3) local databases maintained in Santa Clara County, and Alameda County Warrant System (AWS), among others, as well as (4) the National Crime Information Center (NCIC), a database maintained by the FBI as part of the Criminal Justice Information System (CJIS) maintained in Clarksburg, West Virginia. CJIC is a criminal justice database that tracks individuals from arrest to adjudication in the County of Santa Clara. CLETS and CJIC are available to local, State, and federal agencies to query information regarding criminal history records and related criminal justice activities.

8. The defendants communicated, among other ways, through Short Message System (SMS) text messaging. SMS text messaging allows users to send and receive text messages of up to 160 alphanumeric characters on a handset. Those messages are delivered using radio waves transmitted over an interstate cellular network facility.

9. Bettencourt subscribed to cellular telephone service through the AT&T cellular network, which has its SMS servers in the State of Washington. As a result, any SMS text message sent to or from Bettencourt in California would cause a radio communication to be transmitted between the states of California and Washington.

All in violation of Title 18, United States Code, Sections 1349, 1343, and 1346.

COUNTS TWO THROUGH SIX: 18 U.S.C. §§ 1343 and 1346 – Honest Services Fraud, 18 U.S.C. § 2 – Aiding and Abetting

10. The factual allegations set forth in paragraphs one through nine are realleged and incorporated as if fully set forth here.

11. Beginning on a date unknown to the Grand Jury, but no later than July 9, 2010, and continuing until October 14, 2010, in the Northern District of California and elsewhere, the defendants named in each of counts Two through Six below, having devised and intending to devise a material scheme and artifice to defraud the People of the City of Santa Clara, California, and the Santa Clara Police Department of the intangible right to the honest services of Rojas, did, for the purpose of executing said scheme and artifice, knowingly transmit, and cause to be transmitted, by means of wire and radio communications in interstate commerce, the wire and

SUPERSEDING INDICTMENT

4

radio communications identified below:

| COUNT | DATE | DEFENDANTS | WIRE or RADIO COMMUNICATION |
|---|---|---|---|
| Two | 7/9/2010 | Bettencourt Rojas | Query sent from California using the National Crime Information Center (NCIC) for criminal history information regarding Bettencourt. |
| Three | 8/16/2010 | Bettencourt Rojas | SMS text message using AT&T from Bettencourt to Rojas stating, "$?" |
| Four | 8/19/2010 | Bettencourt Rojas | SMS text message using AT&T from Bettencourt to Rojas stating, "I'm done. Can u r my name and check status? Yhank u." |
| Five | 8/20/2010 | Bettencourt Rojas | SMS text message using AT&T from Rojas to Bettencourt stating, "2005 chrysler registered to [S.W.] out of Sacramento." |
| Six | 9/3/2010 | Bettencourt Rojas | Query sent from California using the National Crime Information Center (NCIC) for criminal history information regarding person identified in this indictment by the initials, C.C. |

All in violation of Title 18, United States Code, Sections 1343 and 1346, and 18 U.S.C. § 2.

COUNT SEVEN:   (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(A)) – Unlawfully Obtaining Information from a Protected Computer)

12.   The factual allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth here.

13.   On or about June 18, 2010, in the Northern District of California, the defendant,

CLAY H. ROJAS,

did intentionally exceed authorized access to the CLETS system, a protected computer, in order to obtain information regarding F.V., in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(A).

COUNT EIGHT:   (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)) – Unlawfully Obtaining Information from a Protected Computer for Financial Gain)

14.   The factual allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth here.

SUPERSEDING INDICTMENT

5

15. On or about July 9, 2010, in the Northern District of California, the defendant,

CLAY H. ROJAS,

did intentionally exceed authorized access to the CLETS system, a protected computer, in order to obtain information regarding William "Billy" Bettencourt for purposes of private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i).

COUNT NINE: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)) – Unlawfully Obtaining Information from a Protected Computer for Financial Gain)

16. The factual allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth here.

17. On or about July 9, 2010, in the Northern District of California, the defendant,

CLAY H. ROJAS,

did intentionally exceed authorized access to the CJIC system, a protected computer, in order to obtain information regarding C.C. for purposes of private financial gain, in violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(i).

COUNT TEN: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)) – Unlawfully Obtaining Information from a Protected Computer for Financial Gain)

18. The factual allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth here.

19. On or about August 20, 2010, in the Northern District of California, the defendant,

CLAY H. ROJAS,

did intentionally exceed authorized access to the CLETS system, a protected computer, in order to obtain information regarding the license plate ****728 for purposes of private financial gain, in violation of Title 18, United States Code, Sections 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i).

COUNT ELEVEN: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)) – Unlawfully Obtaining Information from a Protected Computer for Financial Gain)

20. The factual allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth here.

SUPERSEDING INDICTMENT

21. On or about September 3, 2010, in the Northern District of California, the defendant,

CLAY H. ROJAS,

did intentionally exceed authorized access to the CLETS system, a protected computer, in order to obtain information regarding C.C. for purposes of private financial gain, in violation of Title 18, United States Code, Sections 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i).

<u>COUNT TWELVE</u>: (18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i)) – Unlawfully Obtaining Information from a Protected Computer for Financial Gain)

22. The factual allegations contained in paragraphs one through nine are realleged and incorporated as if fully set forth here.

23. On or about September 3, 2010, in the Northern District of California, the defendant,

CLAY H. ROJAS,

did intentionally exceed authorized access to the CJIC system, a protected computer, in order to obtain information regarding William "Billy" Bettencourt for purposes of private financial gain, in violation of Title 18, United States Code, 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i).

DATED: 4/20/2011

A TRUE BILL.

_____
FOREPERSON

MELINDA HAAG
United States Attorney

_____
JEFFREY D. NEDROW
Chief, San Jose Branch

(Approved as to form: _____ )
AUSA DANIEL R. KALEBA

SUPERSEDING INDICTMENT

7

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
☒ SUPERSEDING

---- OFFENSE CHARGED ----

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

FILED
2011 APR 20 P 3
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

---- DEFENDANT - U.S ----

▶ CLAY H. ROJAS

DISTRICT COURT NUMBER
**10-00931 LHK**

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)

FBI S/A David Brown

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY  ☐ DEFENSE

} SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

} MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    AUSA Daniel Kaleba

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction    } ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes   } If "Yes"
been filed?   ☐ No      give date filed

DATE OF ▶   Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶   Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance
Defendant Address:
c/o Law Office of Daniel Jensen, P.C.
4675 Stevens Creek Blvd, Suite 250, Santa Clara, CA 95051-6767

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: 4/27/11 at 9:00a.m.   Before Judge: Grewal

Comments:

Penalty Sheet: U.S. vs Rojas, et.al., CR 10- 00931 LHK

**Count One: 18 U.S.C. § 1349 - Conspiracy to Commit Honest Services Fraud**

20 years imprisonment per count
$250,000 fine
3 years supervised release
$100 special assessment

**Counts Two - Six: 18 U.S.C. §§ 1343 and 1346 - Honest Services Fraud, 18 U.S.C. § 2 - Aiding and Abetting**

20 years imprisonment per count
$250,000 fine
3 years supervised release
$100 special assessment

**Count Seven: 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(A) - Unlawfully Obtaining Information from a Protected Computer**

1 year imprisonment
$100,000 fine
1 year supervised release
$25 special assessment

**Counts Eight – Twelve - 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain**

5 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment

AO 257 (Rev. 6/78)

### DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT  ☒ SUPERSEDING

**OFFENSE CHARGED**

SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**
SAN JOSE DIVISION

*[filing stamp: APR 20 P 3:50 RICHARD W. WIEKING CLERK U.S. DISTRICT COURT]*

**DEFENDANT - U.S**
▶ WILLIAM "BILLY" BETTENCOURT

DISTRICT COURT NUMBER
10-00931 LHK

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI S/A David Brown

☐ person is awaiting trial in another Federal or State Court, give name of court _____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District _____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO. _____

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO. _____

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   AUSA Daniel Kaleba

**DEFENDANT**

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding.
      If not detained give date any prior summons was served on above charges ▶ ____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District) _____

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction     } ☐ Federal  ☒ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed ____

DATE OF ARREST ▶  Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

Penalty Sheet: U.S. vs Rojas, et.al., CR 10- 00931 LHK

**Count One: 18 U.S.C. § 1349 - Conspiracy to Commit Honest Services Fraud**

20 years imprisonment per count
$250,000 fine
3 years supervised release
$100 special assessment

**Counts Two - Six: 18 U.S.C. §§ 1343 and 1346 - Honest Services Fraud, 18 U.S.C. § 2 - Aiding and Abetting**

20 years imprisonment per count
$250,000 fine
3 years supervised release
$100 special assessment

**Count Seven:  18 U.S.C. § 1030(a)(2)(C) and (c)(2)(A) - Unlawfully Obtaining Information from a Protected Computer**

1 year imprisonment
$100,000 fine
1 year supervised release
$25 special assessment

**Counts Eight – Twelve - 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain**

5 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment

AO 257 (Rev. 6/78)

| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** |
|---|

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☒ SUPERSEDING

**OFFENSE CHARGED**
SEE ATTACHED SHEET

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEE ATTACHED SHEET

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

[FILED stamp: RICHARD W. WIEKING, 2011 APR 20 P 3:30]

**DEFENDANT - U.S**
▶ VIVIANA Q. RODRIGUEZ

DISTRICT COURT NUMBER
10-00931 LHK

**PROCEEDING**
Name of Complaintant Agency, or Person (& Title, if any)
FBI S/A David Brown

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  AUSA Daniel Kaleba

**DEFENDANT**
**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
NDCA

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:  Before Judge:

Comments:

## Penalty Sheet: U.S. vs Rojas, et.al., CR 10- 00931 LHK

**Count One: 18 U.S.C. § 1349 - Conspiracy to Commit Honest Services Fraud**

20 years imprisonment per count
$250,000 fine
3 years supervised release
$100 special assessment

**Counts Two - Six: 18 U.S.C. §§ 1343 and 1346 - Honest Services Fraud, 18 U.S.C. § 2 - Aiding and Abetting**

20 years imprisonment per count
$250,000 fine
3 years supervised release
$100 special assessment

**Count Seven:  18 U.S.C. § 1030(a)(2)(C) and (c)(2)(A) - Unlawfully Obtaining Information from a Protected Computer**

1 year imprisonment
$100,000 fine
1 year supervised release
$25 special assessment

**Counts Eight – Twelve - 18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(i) - Unlawfully Obtaining Information from a Protected Computer for Financial Gain**

5 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment