UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.: 10-CR-00931-LHK |
| ) | |
| Plaintiff, ) | PRETRIAL CONFERENCE ORDER |
| v. ) | |
| ) | |
| CLAY H. ROJAS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 24, 2011, the Court held a pretrial conference with respect to the trial of Defendant Clay Rojas ("Defendant"). This Order summarizes the rulings made at the pretrial conference with respect to the motions in limine and the case schedule.

**A. Motions in Limine**

The Court GRANTED Defendant's motion in limine [dkt. #36] to preclude any reference to charges pending against the Defendant in California Superior Court. Plaintiff did not oppose this motion.

The Court DENIED AS MOOT Defendant's motion in limine [dkt. #38] to preclude Plaintiff's use of evidence of Defendant's prior bad acts. Plaintiff indicated it did not intend to offer any evidence of prior bad acts. Should Plaintiff later decide to introduce any such evidence, the Court will apply the Ninth Circuit's four-factor test: (1) that the evidence tends to prove a material point; (2) that the prior act is not too remote in time; (3) that the evidence is sufficient to support a finding that the defendant committed the other act; and (4) that the act is similar to the

1

Case No.: 10-CR-00931-LHK
PRETRIAL CONFERENCE ORDER

1  offense charged (in cases where knowledge and intent are at issue). *United States v. Vizcarra-
2  Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995).

3  The Court DENIED Defendant's motion in limine [dkt. #39] to preclude admission of co-
4  conspirator hearsay statements into evidence. At issue were text messages sent among Defendant
5  and his alleged co-conspirators. In the Ninth Circuit, prior to allowing evidence of co-conspirator
6  statements, there must be at least some independent evidence to corroborate the existence of the
7  conspiracy and the defendant's participation in it. *U.S. v. Silverman*, 861 F.2d 571, 578 (9th Cir.
8  1988). The Court found that Defendant's post-arrest statement provides such independent
9  evidence. The post-arrest statement is admissible as an admission by a party opponent, Fed. R.
10 Evid. 801(d)(2)(A), and a statement against interest, Fed. R. Evid. 804(b)(3). Plaintiff also
11 proffered that it will meet its burden at trial under the three-part *Bourjaily* standard: (1) that a
12 conspiracy existed when the statement was made; (2) that the defendant and the declarant of the
13 statement were involved in the conspiracy; and (3) that the statement was made in furtherance of
14 the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Accordingly, the Court
15 found that the text messages at issue, messages sent among Defendant and his alleged co-
16 conspirators, are admissible under the co-conspirator hearsay exception. Fed. R. Evid.
17 801(d)(2)(E).

18 Finally, the Court DENIED Defendant's motion in limine [dkt. #37] to preclude reference
19 to any co-defendant or witness involvement or affiliation with the Hell's Angels. The Court found
20 that the evidence of co-defendant or witness involvement or affiliation with the Hell's Angels is
21 relevant to Defendant's motivation in committing the alleged crimes and is relevant to provide
22 context to certain statements among the alleged co-conspirators. *See* Fed. R. Evid. 401 and 402.
23 The Court also found that the probative value of the Hell's Angels references is not substantially
24 outweighed by the danger of unfair prejudice, confusion, or undue delay. *See* Fed. R. Evid. 403.
25 The Court, however, invited the parties to reach agreement on a limiting instruction to restrict any
26 reference to the Hell's Angels to its proper scope. *See* Fed. R. Evid. 105.

### B. Other Pretrial Matters

The parties informed the Court that they are near agreement on a stipulation making it unnecessary to call at trial certain custodians of records and will file such a stipulation promptly.

The Court granted, without objection, the motion to exclude witnesses from the courtroom during trial when the witnesses are not testifying.

The Court granted, without objection, Plaintiff's request to designate Special Agent Scott Medaris, FBI, as the case agent. Agent Medaris may sit at Plaintiff's table at trial.

By July 5, 2011, Plaintiff must file supporting authority for its "Special Jury Instruction No. 2" regarding Honest Services Fraud. Defendant may file a response by July 12, 2011.

With both Court and attorney voir dire, the parties agreed that there was no need for a customized jury questionnaire. After the Court's voir dire, Plaintiff and Defendant will have thirty (30) minutes each to voir dire the jury panel. By July 8, 2011, the parties shall submit, jointly or separately, any proposed questions for the Court's voir dire.

The Court denied Defendant's request for a special verdict form. *See U.S. v. Reed*, 147 F.3d 1178, 1179 (9th Cir. 1998) (although subject to the district court's discretion, "as a rule, special verdicts in criminal trials are not favored."). By July 8, 2011, Plaintiff shall file a general verdict form, which shall include all lesser included offenses and Defendant's selection that "all" jurors must not be convinced of Defendant's guilt of the greater offense in order to convict on the lesser included offense.

By July 12, 2011, Defendant shall disclose in writing its witness list for trial.

The parties represented that they did not anticipate any additional motions.

The Court set a status conference for Monday, July 18, 2011 at 2:00 p.m to address any new issues. The parties agreed to inform the Court, by July 18, 2011 at 9:00 a.m., whether the status conference was necessary. The Court clarified that during trial the lunch break will be from noon to 1:15 p.m. Per the parties' agreement, there will be 2 alternate jurors.

//
//

The trial schedule will be as follows:

Tuesday, July 19, 2011: 9 a.m. to 4:30 p.m. (Jury Selection and Trial)

Friday, July 22, 2011: 9 a.m. to 4:30 p.m. (Trial)

Monday, July 25, 2011: 9 a.m. to 4:30 p.m. (Trial)

Tuesday, July 26, 2011: 9 a.m. to 4:30 p.m. (Trial)

Wednesday, July 27, 2011: 9:30 a.m. to 12:30 p.m. (Trial)

Thursday, July 28, 2011: 9 a.m. to 12:00 p.m. (Trial)

Friday, July 29, 2011: 9 a.m. to 12:00 p.m. (Trial)

**IT IS SO ORDERED.**

Dated: June 28, 2011

LUCY H. KOH
United States District Judge

4

Case No.: 10-CR-00931-LHK
PRETRIAL CONFERENCE ORDER