MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

DANIEL R. KALEBA (CABN 223789)
JEFFREY B. SCHENK (CABN 234355)
Assistant United States Attorneys

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5066
   E-Mails:  daniel.kaleba@usdoj.gov
               jeffrey.b.schenk@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | No. CR 10-00931 LHK |
|        Plaintiff,   ) | **UNITED STATES' SUPPLEMENTAL TRIAL BRIEF** |
|        v.   ) | |
| CLAY H. ROJAS,   ) | Trial:    July 19, 2011<br>Court:  Hon. Lucy H. Koh |
|        Defendant.   ) | |

     The Prosecution of "Honest Services Fraud" offences under 18 U.S.C. § 1342 and § 1346 requires a showing the Defendant "knowingly devised or participated in a scheme or plan to deprive"[1] the relevant community (in this case, the People of Santa Clara, California and the Santa Clara Police Department) of its right of honest services. Here, Defendant suggests the contents of Cal. Gov't. Code § 6254 and Cal. Veh. Code § 1808.21 should be presented before

---

[1] Ninth Circuit Model Jury Instruction No. 8.20.

U.S.'s TRIAL BRIEF
CR 10-00931 LHK

an Honest Services Fraud jury.

The Government submits the Defense should not be allowed to discuss Cal. Gov't. Code § 6254 or Cal. Veh. Code § 1808.21 before the jury because the material is irrelevant and would confuse a jury.

**I. THE PROPOSED MATERIAL IS IRRELEVANT AND SHOULD BE EXCLUDED.**

**A. Honest Services Fraud Does Not Require the Government Prove a Violation of State Law.**

The elements of Honest Services Radio or Wire Fraud (18 U.S.C. §§ 1343 and 1346) are as follows:

1. the defendant knowingly devised or participated in a scheme or plan to deprive the People of Santa Clara, California, and the Santa Clara Police Department of its right of honest services;

2. The scheme or plan consisted or a bribe or kickback in exchange for the defendant's services. The "exchange" may be express or it may be implied from all the surrounding services;

3. the defendant acted with the intent to defraud by depriving the People of Santa Clara, California, and the Santa Clara Police Department of its right of honest services;

4. the defendant's act was material; that is, it had a natural tendency to influence, or was capable of influencing, an person's acts; and

5. the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire or radio communication in interstate or foreign commerce.[2]

The 9th Circuit has made clear the government need not demonstrate a violation of any state law to prove honest services fraud. *See U.S. v. Weyhraugh*, 548 F.3d 1237, 1245-46, 1248 (9th Cir. 2008), *rev'd in part on other grounds,* ___ U.S. ___, 129 S.Ct. 2863 (2009) (finding no evidence Congress intended to condition the meaning of "honest services" on states law and refusing to require such condition); *U.S. v. Inzunza*, 638 F.3d 1006, 1018-19 (9th Cir. 2011) ("We reject Inzunza's contention that a state law violation must be alleged and proved in cases of honest services fraud. . . T]he government is not required to prove an independent violation of

---

[2] Ninth Circuit Model Jury Instruction No. 8.123.

state law to sustain an honest services fraud conviction. Thus [...] it was not necessary for the indictment to allege a state law violation, nor was it necessary to instruct the jury on this element"; staying the mandate pending the Supreme Court's decision in *Weyhraugh*.); *U.S. v. Kincaid-Chauncey*, 556 F.3d 923 (2009), *citing with approval Weyhraugh*, 548 F.3d at 1248. *See also U.S. v. Urciuoli*, 613 F.3d 11, 16 (1st Cir. 2010) (rejecting Defendant's argument that instructions on state law should have been given at his trial because "the instructions were not necessary to the defense and were quite likely to mislead the jury").

**B. Neither California Government Code § 6254(f) nor Vehicle Code § 1808.21 Excuses the Conduct in Question.**

Defendant appear to argue his conduct was somehow insulated by California Government Code § 6254(f) or Vehicle Code § 1808.21. It was not. The government will show that Defendant caused a number of law enforcement database searches to be made that fall well outside the scope of the materials covered by § 6254. Even if the section did apply to searches run by the Defendant, § 6254 explicitly exempts from public dissemination information that could compromise the safety of a person or the integrity of an investigation.

**C. Defendant Has Not Presented Evidence of a Defense.**

The Defendant has presented no evidence tending to show he actually relied on any state law provision in engaging in the conduct charged in this case. In order for Defendant to introduce the evidence he seeks concerning state law, he would first have to demonstrate that it was somehow relevant to some defense in this case. Because he has not done so, evidence concerning any purported reliance on state law is irrelevant, and therefore inadmissible.

**II. THE PROPOSED MATERIAL WILL CONFUSE THE JURY.**

If the Court believes that the proposed material holds some relevance, the Government maintains that any relevance would be outweighed by its confusing nature and should be excluded under Rule 403 of the Federal Rules of Evidence.

//
//
//

U.S.'s TRIAL BRIEF
CR 10-00931 LHK                                3

## Conclusion

For the reasons set forth above, the government submits that any reference to state statutes addressed by the Defense in its moving papers should be excluded from trial as inadmissible and likely to confuse the jury.

DATED: July 19, 2011                    Respectfully submitted,

                                        MELINDA HAAG
                                        United States Attorney

                                        /s/
                                        _____
                                        DANIEL R. KALEBA
                                        JEFFREY B. SCHENK
                                        Assistant United States Attorneys

U.S.'s TRIAL BRIEF
CR 10-00931 LHK                     4